Gerald Singleton (SBN 208783)
J. Ross Peabody (SBN 98190)
SINGLETON LAW FIRM, APC
857 E. Main Street
Ventura, California 93001
Tel:   (619) 771-3473
Fax:  (619) 255-1515
gerald@slffirm.com
ross@slffirm.com

Andres Pereira
*Pro Hac Vice Pending*
TX State Bar No. 00794440
ANDRES PEREIRA LAW FIRM P.C.
14709 Custer Court
Austin, Texas 78734
Tel:   (713) 305-6188
Fax:   (512) 309-5861
apereira@andrespereiracpc.com

Mikal C. Watts
*Pro Hac Vice Pending*
TX State Bar No. 20981820
Guy L. Watts
*Pro Hac Vice Pending*
TX State Bar No. 24005316
Jennifer Neal
*Pro Hac Vice Pending*
TX State Bar No. 24089834
WATTS GUERRA LLP
811 Barton Springs Rd., Ste. 725
Austin, Texas 78704
Tel:   (512) 479-0500
Fax:   (512) 479-0502
mcwatts@wattsguerra.com
gwatts@wattsguerra.com
jneal@wattsguerra.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DRAKE, MARIO BATZ, BRIAN KIRBY, and AURORA KIRBY, <br><br> Plaintiffs, <br><br> v. <br><br> PRINCESS CRUISE LINES LTD., <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs Geraldine Drake, Mario Batz, Brian Kirby, and Aurora Kirby by and through their undersigned counsel, and file their Plaintiffs' Original

1

COMPLAINT

Complaint and Jury Demand against Defendant, PRINCESS CRUISE LINES LTD. (hereinafter, "PRINCESS"), and would respectfully show the Court as follows:

## I.

### PARTIES

1. Plaintiff Geraldine Drake is sui juris, is a resident of Fairfax, California, and was a passenger onboard the Grand Princess.

2. Plaintiff Mario Batz is sui juris, is a resident of Fairfax, California, and was a passenger onboard the Grand Princess.

3. Plaintiff Brian Kirby is sui juris, is a resident of San Antonio, Texas, and was a passenger onboard the Grand Princess.

4. Plaintiff Aurora Kirby is sui juris, is a resident of San Antonio, Texas, and was a passenger onboard the Grand Princess.

5. Princess Cruise Lines Ltd. is incorporated in Bermuda, with its headquarters in Santa Clarita, California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines, Ltd. Princess Cruise Lines Ltd. may be served via its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

## II.

### JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs Brian Kirby and Aurora Kirby and PRINCESSS, and Plaintiffs seek damages in excess of $1,000,000 (One Million Dollars) exclusive of interest, costs, and attorneys' fees, which greatly exceeds the minimum amount of controversy required by § 1332.

7. This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiffs had the potential to impact maritime commerce as Plaintiffs are at serious risk of imminent harm as a result of being exposed to the Coronavirus running

rampant aboard the cruise ship upon which they were paying passengers. Plaintiffs seek damages in excess of the minimum required by this Court.

8. The Court has general personal jurisdiction over PRINCESS as PRINCESS's principal place of business is located in Los Angeles County, California; as such PRINCESS is "at home" in California for purposes of any exercise of personal jurisdiction. In addition, PRINCESS conducts substantial business within the state of California, including operating cruises from ports in San Francisco, San Diego, and Los Angeles. PRINCESS markets cruise vacations to California residents and employs thousands of California residents to work at its California headquarters. It was foreseeable at all times that PRINCESS could be hauled into court in the State of California for conduct that caused injuries; in fact, PRINCESS's Passenger Contract requires claimants like Plaintiffs in this action, to bring suit to vindicate personal injury claims in the United States District Court for the Central District of California. At all times hereto, PRINCESS owned and operated the cruise ship the Grand Princess. Plaintiffs were passengers aboard the Grand Princess that departed out of San Francisco on February 21, 2020, and was anchored off the coast of San Francisco from March 4-9, 2020, as a result of an outbreak of COVID-19. The exercise of personal jurisdiction over PRINCESS by this Court comports with due process and is consistent with traditional notions of fair play and substantial justice.

## III.

### FACTUAL BACKGROUND

9. In the months preceding the filing of this Complaint, there has been a worldwide outbreak of a new strain of the Corona virus. This new strain is commonly known as COVID-19. The virus began in China in December 2019, and has quickly spread throughout Asia, Europe, and North America. The virus causes fatigue, fever, and a dry cough. It can be fatal. There have been over 2,000,000 cases worldwide and over 150,000 deaths as result of COVID-19. COVID-19 gained increased public attention when the Diamond Princess cruise ship (also owned and operated by Defendant) suffered

an outbreak of the disease in early January 2020 in Yokohama, Japan. The outbreak began with ten cases and rapidly multiplied to 700 cases, as a result of the flawed two-week quarantine on the ship. The Center for Disease Control issued a statement on February 18, 2020, that "the rate of new reports of positives new on board [the Diamond Princess], especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk." Seven of Defendant's passengers died as a result of COVID-19.

10. Plaintiffs were paying passengers who boarded PRINCESS's Grand Princess cruise ship on February 21, 2020. The Grand Princess was carrying 2,421 passengers and 1,113 crew members at the time it set sail.

11. It would only stand to reason, having experienced such a traumatic outbreak on board one of its vessels only four weeks prior to Plaintiffs' voyage on board the Grand Princess that PRINCESS would have learned to take all necessary precautions to keep its passengers, crew, and the general public safe. Unfortunately, PRINCESS did no such thing. Consequently, Plaintiffs Brian Kirby and Geraldine Drake were exposed to and have been diagnosed with COVID-19 infection. Plaintiffs Aurora Kirby and Mario Batz were exposed to actual risk of immediate physical injury proximately caused by the Defendant's negligence. Plaintiffs have suffered other harms as a proximate result of that negligence.

## CLAIMS FOR RELIEF

### IV.

#### NEGLIGENCE

Plaintiffs re-allege all allegations in paragraphs 1 through 11 above as if alleged fully herein.

12. PRINCESS owed Plaintiffs, who were paying passengers who boarded the Grand Princess on February 21, 2020, the duty to ensure that they would not be exposed

to unreasonable risk of harm that PRINCESS knew or should have known about while sailing on its vessel.

13. PRINCESS breached that duty. It had knowledge that at least two of its passengers from the prior Grand Princess voyage who disembarked the Grand Princess early on February 21, 2020 had symptoms of coronavirus. Despite that, PRINCESS made the conscious decision to continue sailing the next voyage of the Grand Princess, which began later on February 21, 2020 with another 3,534 passengers and crew on an infected ship.

14. Specifically, PRINCESS was aware of at least two passengers who disembarked its ship on February 21, 2020 in San Francisco had symptoms of the coronavirus. PRINCESS went as far as to send emails on Wednesday, February 25, 2020 to passengers who disembarked the Grand Princess on February 21, 2020 notifying them of the potential of exposure to the coronavirus while onboard their cruise.

15. To make matters even worse, there were 62 passengers on board the Plaintiffs' cruise, who remained on board after the conclusion of the prior voyage. Those 62 carry-over passengers were exposed to the passengers that were confirmed to be infected; some of the infected passengers to whom the carry-over passengers were exposed later died from coronavirus.

16. In continuing to sail with another 3,534 passengers and crew (including Plaintiffs), on the cruise that began on February 21, 2020, knowing that some of those passengers and crew had already been exposed to COVID-19, PRINCESS has exposed Plaintiffs to actual risk of immediate physical injury.

17. PRINCESS is further negligent in failing to have proper screening protocols for COVID-19 before boarding the passengers on Plaintiffs' voyage. Despite the knowledge and experience it had with the outbreak of the disease on the Diamond Princess just a mere four weeks prior to the February 21, 2020 cruise, PRINCESS did not have proper screening protocol in place to minimize the risk of exposure of the disease to its passengers and crew.

18. Prior to boarding the Grand Princess on February 21, 2020, passengers were simply asked to fill out a piece of paper confirming they were not sick. No passenger was questioned or examined in any capacity. Incredibly, not one of those 62 passengers or crew members who were mixing and mingling with the infected prior passengers were ever examined during the instant voyage until being tested for the virus on Thursday, March 5, 2020, two weeks after the ship sailed.

19. As a result of PRINCESS's negligence, Plaintiffs Geraldine Drake and Brian Kirby were exposed to and infected by COVID-19.

20. As a result of PRINCESS's negligence, Plaintiffs Mario Batz and Aurora Kirby were exposed to an actual risk of immediate physical injury from COVID-19 exposure.

21. Finally, PRINCESS is negligent in failing to adequately warn Plaintiffs about the potential exposure to COVID-19 prior to boarding the ship on February 21, 2020, and again during the sailing of said cruise. Defendant had actual knowledge of at least two passengers who sailed on its ship the week prior, disembarked with symptoms of coronavirus, and one confirmed death as a result. Defendant also knew that there were 62 passengers and crew who were onboard that same sailing, who later boarded the Grand Princess with Plaintiffs, and failed to inform Plaintiffs at any time prior to boarding or while they were already onboard, that there was an actual risk of exposure to COVID-19. In addition, PRINCESS failed to inform Plaintiffs that a crew member aboard their cruise actually disembarked in Hawaii as a result of COVID-19.

22. If Plaintiffs had knowledge of this actual risk of exposure prior to boarding, they would have never boarded the ship. If they were informed of the risk on February 25, 2020, when the former passengers were notified by email, Plaintiffs would have disembarked at the first port of call in Honolulu on February 26, 2020. Due to PRINCESS's outright negligence in failing to warn Plaintiffs of the actual risk of exposure to COVID-19 aboard its infected ship, Plaintiffs were quarantined in their cabin

along with the rest of the passengers and crew, off the coast of San Francisco, anxiously awaiting their fate, for over six days.

23. Additionally, Plaintiffs were held in further quarantine on land for at least an additional two weeks.

24. As a direct and proximate result of the aforementioned negligence of PRINCESS in exposing Plaintiffs to actual risk of immediate physical injury, Plaintiffs suffered from bodily injury and/or emotional distress from COVID-19 exposure as they sat minute after minute in their confined cabin on an infected vessel, as they continued to sit in additional quarantine on land, and after they left quarantine. This bodily injury and/or emotional harm will continue to plague them.

25. WHEREFORE, Plaintiffs demand judgment against Defendant PRINCESS for damages suffered as result of their negligence and a trial by jury on all issues triable.

V.

GROSS NEGLIGENCE

Plaintiffs re-allege all allegations set out in paragraphs 1 through 25 above as if alleged fully herein.

26. PRINCESS's conduct in deciding to continue to sail the Grand Princess with Plaintiffs, knowing that the ship was infected from two previous passengers who came down with symptoms of COVID-19, and had 62 passengers on board who were previously exposed to those two infected individuals, along with the prior crew, shows a lack of any care on the part of PRINCESS, amounting to gross negligence. Defendant knew how dangerous it was to expose Plaintiffs and the rest of its passengers to COVID-19 in light of its experience with the Diamond Princess a short four weeks prior, and yet it departed from what a reasonably careful cruise line would do under the circumstances in continuing to sail with Plaintiffs.

27. Moreover, PRINCESS's conduct in failing to warn Plaintiffs of their actual risk of harm in being exposed to COVID-19, either prior to boarding or while they were already on board, in light of the prior passenger who came down with symptoms and later

died, along with others who came down with symptoms from that prior voyage, and the crew member who disembarked during this voyage due to COVID-19, amounts to an extreme departure of a what a reasonably careful cruise line would do.

28. PRINCESS chose to place profits over the safety of its passengers, crew, and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to Plaintiffs.

29. WHEREFORE, Plaintiffs demand judgment against PRINCESS including punitive damages suffered as a result of the gross negligence of PRINCESS, and a trial by jury on all issues triable.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants as hereinafter set forth:

a. For compensatory and general damages in an amount according to proof;
b. For past and future medical, incidental, and service expenses according to proof;
c. For past and future emotional distress;
d. For punitive damages to be awarded according to proof;
e. For pre- and post-judgment interest on all damages as allowed by the law;
f. For costs of suit incurred herein;
g. For attorney fees under existing law; and
h. For such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /

COMPLAINT

## VII.

### JURY DEMAND

The Plaintiffs hereby demand trial by jury of all issues so triable.

Dated: April 24, 2020

SINGLETON LAW FIRM, APC
By: */s/Gerald Singleton*
Gerald Singleton

Attorneys for Plaintiffs