UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03776-RGK-SK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Geraldine Drake et al v. Princess Cruise Lines Ltd.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 36]; Plaintiffs' Motion for Leave to Amend [DE 37]**

## I.   INTRODUCTION

This case arises out of the COVID-19 outbreak on the *Grand Princess*—a cruise ship operated by Princess Cruise Lines, Ltd. ("Princess Cruises" or "Defendant"). The *Grand Princess* departed out of San Francisco for Hawaii on February 21, 2020, during the early days of the COVID-19 pandemic in America. The ship had 3,533 people on board: 2,422 passengers and 1,111 crew. As of March 6, 46 people on the ship had been tested, and 21 tested positive—numbers which would rise precipitously in the coming weeks.

On April 24, 2020, Plaintiffs Geraldine Drake, Mario Batz, Brian Kirby, and Aurora Kirby (collectively, "Plaintiffs") filed this lawsuit against Princess Cruises alleging negligence and gross negligence. Plaintiffs were passengers on the *Grand Princess* who were quarantined on the ship. Geraldine Drake and Brian Kirby allege that they contracted COVID-19 at an unspecified point, while Mario Batz and Aurora Kirby do not allege that they contracted the disease.

Presently before the Court are: (1) Defendant's Motion to Dismiss, and (2) Plaintiffs' Unopposed Motion for Leave to Amend. For the following reasons, the Court **GRANTS** Plaintiffs' Motion and grants Plaintiffs leave to file a First Amended Complaint. The Court **DENIES as moot** Defendant's Motion to Dismiss.

## II.   JUDICIAL STANDARD

To prevail on a motion for leave to amend, the moving party must demonstrate that amendment is proper under Rule 15(a)(2). Rule 15(a)(2) provides that a court should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court will grant the motion unless the opposing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03776-RGK-SK | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Geraldine Drake et al v. Princess Cruise Lines Ltd.* | | |

can substantially show one of the *Foman* factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Plaintiffs ask for leave to file a First Amended Complaint so that they can address the criticisms raised by Defendant in its Motion to Dismiss. Because Defendant does not oppose the Motion, and in light of the liberal policy in favor of amendment, the Court grants Plaintiffs' Motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend and **DENIES as moot** Defendant's Motion to Dismiss. Plaintiffs shall file a First Amended Complaint **within 10 calendar days of this Order's issuance.**

_____ : _____

Initials of Preparer

_____